## HALL'S HEIRS *vs.* HALL'S EXECUTORS.

<div style="float:right">38 131<br>108 382</div>

[BILL IN EQUITY TO SET ASIDE PROBATE OF WILL.]

1. *Competency of legatee as witness for will.*—In a chancery suit to set aside the probate of a will, a legatee, to whom a pecuniary legacy is bequeathed, and who has received his legacy from the executors, may be rendered a competent witness to sustain the will, by the defendants' repaying to the executors the amount of the legacy, with interest, in discharge of any claim they might have on the legatee, and releasing the legatee, the executors, and the estate, from all liability to repay or account for the money; the legatee at the same time approving and adopting the payment, and releasing the executors from all claim on account of the legacy; and the executors accepting the payment, and releasing the legatee from all liability on account of the money paid to him.

2. *Proof of execution of will.*—Although two subscribing witnesses are necessary to the execution of a will, their testimony is not the only evidence by which the due execution of the will can be established: on the contrary, any defect in their testimony may be supplied by that of the person who wrote the will, and who was present when it was signed and attested, or by other evidence *aliunde.*

3. *What is undue influence.*—To set aside a will on the ground of undue influence, it must be shown that the influence exerted on the mind of the testator was equivalent to moral coercion, and constrained him, through fear, the desire of peace, or some other feeling than affection, to do that which was against his will.

4. *What is insane delusion.*—To establish an insane delusion on the part of the testator, such as will invalidate his will, something more must be shown than a mistaken notion on his part as to the feelings or intentions of his relatives towards him or his property.

5. *Probate of will containing invalid bequest.*—The invalidity of a particular provision or bequest in a will, which also contains valid bequests, is no objection to the probate of the will.

6. *Emancipation act of 1860 not retroactive.*—The act of January 25, 1860, "to amend the law in relation to the emancipation of slaves," (Session Acts 1859-60, p. 28,) does not affect wills which had been admitted to probate before its passage.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. JOHN FOSTER.

THE bill in this case was filed on the 23d October, 1858, by some of the heirs-at-law and next of kin of Adam Hall,

deceased, for the purpose of setting aside the probate of his last will and testament, which had been duly admitted to probate on the 29th June, 1858, and of which William Echols and Joshua Beadle had qualified as the executors. On final hearing, on pleadings and proof, the chancellor dismissed the bill ; and his decree is now assigned as error, together with other matters which require no particular notice. The material facts of the case, so far as they are necessary to a correct understanding of the legal points decided by the court, are stated in the opinion.

S. D. J. MOORE, for appellants.
ROBINSON & JONES, contra.

R. W. WALKER, J.—By the will in controversy, a legacy of two hundred dollars was given to the witness Browne. After the will had been admitted to probate in the probate court, but before the bill in this case was filed, the executors voluntarily paid Browne his legacy, and took from him a receipt in full therefor. In this state of the case, Browne's deposition was taken by the defendants ; the complainants in filing their cross-interrogatories objecting to the competency of the witness, "on the ground that he was interested in the result of the suit, and that the verdict and judgment would be evidence for him in another suit". At the December term, 1859, the defendants obtained leave to re-examine the witness on the same interrogatories. This order was doubtless obtained with the view of restoring his competency, if he should be deemed incompetent, and then retaking his deposition. It was then agreed by the complainants, that the defendants might do whatever could be legally done to restore the competency of the witness and that if the witness was rendered competent, his deposition already taken should "for all purposes be taken and treated as if taken after such restoration of his competency." Thereupon, Robinson & Jones, the solicitors for the defendants, with the consent and approbation of the witness, repaid the said two hundred dollars, with interest, to

Hall's Heirs v. Hall's Executors.

the executors, in discharge of any claim they might have on Browne, and released Browne, the executors, and the estate of Hall, from all liability to repay or account for the money. Browne approved and adopted the payment, and released the executors from any claim on account of said legacy; and the executors accepted the payment, and released Browne from all liability to pay back or refund the money paid to him as legatee.

We will not inquire whether Browne was a competent witness, without the repayment of the legacy which the executors had voluntarily paid over to him; for, however that may be, we entertain no doubt, that the repayment of the money and the execution of the releases, as above stated, removed all objection to his competency, founded on the fact that he was a legatee.—*Robinson v. Tipton*, 31 Ala. 609.

[2.] The objection which is made here to so much of the testimony of Browne as relates to the identity of the will, cannot prevail, even if we concede that it does not come too late. The point of the objection is, that the testimony of the subscribing witnesses does not sufficiently identify the will offered for probate, as the one which was attested by them; and that this deficiency in their testimony cannot be supplied by evidence *aliunde*. Without stopping to inquire whether there was, in fact, any such deficiency in the evidence of the subscribing witnesses as is alleged, it is enough to say, that no error was committed in allowing any defect in the testimony on that point to be supplied by the evidence of the witness who wrote the will, and who was present when it was signed and attested. The law makes two subscribing witnesses indispensable to the formal execution of a will; but it by no means follows, that the testimony of these witnesses is the only evidence by which the due execution of the will can be established. On the contrary, it is laid down as undoubted law, that if, from forgetfulness, the subscribing witnesses should fail to prove the formal execution of the will, other evidence is admissible to supply the deficiency; or, if the subscribing witnesses all swear that the will was not duly executed,

they may be contradicted, and the will supported by other witnesses, or by circumstances.—*Lowe v. Joliffe*, 1 Bl. Rep. 365 ; *Jackson v. Christman*, 5 Wend. 277 ; *Bell v. Clark*, 9 Ired. 242; 1 Jarm. Wills, (ed. 1855,) 224.

As is usual in contests of this character, there is some conflict in the evidence ; more, however, in matters of opinion, than of fact. Without attempting a discussion of the mass of testimony to be found in this record, it is enough to say that, in our opinion, the will is sustained by a decided preponderance of evidence. Three attending physicians, the two subscribing witnesses, the writer of the will, and a large number of other witnesses, prove the capacity of the testator. On the other side, the witnesses to prove incapacity are not so numerous, and, in general, their evidence is much less pointed and satisfactory.

[3-4.] The charges that the will was procured by undue influence, and executed under an insane delusion, are not supported by the evidence. To make out a charge of undue influence, the contestant must show that an influence was exerted upon the mind of the testator, which was equivalent to moral coercion, and constrained him to do that which was against his will, but which, from fear, the desire of peace, or some other feeling than affection, he was unable to resist.—*Gilbert v. Gilbert*, 22 Ala. 529 ; *Taylor v. Kelly*, 31 Ala. 59. And to establish insane delusion, the contestant must do something more than simply show " a mistaken notion" on the part of the testator, as to the feelings or intentions of his relatives, in reference to him or his property.—*Mosser v. Mosser*, 32 Ala.

[5.] The question of the validity of any particular provision or bequest of the will, is not now before us. If the provision for the emancipation of the slaves be admitted to be void, that would not defeat the probate of the will, which contains other bequests, the validity of which is not questioned.

[6.] We have no hesitation in saying, that the act of January 25, 1860, " to amend the law in relation to the emancipation of slaves," (Acts '59-60, p. 28,) has no ap-

plication to will, which had been admitted to probate before its passage.

Decree affirmed.