(13 Misc. Rep. 638.)

## SCHULTZ v. COHEN.

(Superior Court of Buffalo, General Term. July 30, 1895.)

1. STATUTE OF FRAUDS—PLEADING.

Where the contract sued on does not appear. on the face of the complaint, to be within the statute of frauds, defendant, in order to raise the defense, must plead it.

2. SAME—ORIGINAL OR COLLATERAL UNDERTAKING.

In an action to recover the value of work, materials, and labor, it appeared that plaintiff had contracted with a third person to do certain work in defendant's house; that the contract was partly performed, when it was violated by such third person, in omitting to make payment according to its terms; that thereupon plaintiff refused to proceed, when defendant requested him to finish the work, and said that if plaintiff would finish the work he (defendant) would pay him. *Held*, that the promise of defendant to pay plaintiff was an original promise, and not within the statute of frauds.

Appeal from municipal court.

Action by William Schultz against Simon Cohen. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Clinton B. Gibbs, for appellant.

Willard Saperstone, for respondent.

HATCH, J. The only question presented by counsel for the court's consideration on this appeal is that the contract sued upon is void by the statute of frauds. The complaint sets forth a cause of action for materials furnished, and work, labor, and services performed, by plaintiff for defendant, at his request, in and about the building of a house at 23 Union street, in the city of Buffalo. The answer is a general denial. Upon the trial, defendant sought to amend his answer by a plea of the statute of frauds. This was denied, and the case is therefore to be disposed of on the issue as originally framed. The invalidity of the contract sued upon did not appear upon the face of the complaint. It was therefore incumbent upon defendant to plead the statute as a defense, or be held to have waived it. Wells v. Monihan, 129 N. Y. 161, 29 N. E. 232; Crane v. Powell, 139 N. Y. 379, 34 N. E. 911.

If the plea had been interposed, it would not have availed defend-

ant, as the contract proved upon the trial was not obnoxious to the statute. The proof showed that plaintiff had contracted with a third party to do the plumbing work in defendant's house. This contract was partly performed by plaintiff, when it was violated by such third party, in omitting payment according to its terms. Thereupon plaintiff refused to prosecute the work thereunder. Defendant applied to him to finish the work, and said to plaintiff, "I should go ahead, and finish, and he would pay me." Thereupon plaintiff went on, and completed the work. The effect of this was to constitute an original undertaking on defendant's part to pay plaintiff in accordance with the terms of the contract. King v. Despard, 5 Wend. 277; Devlin v. Woodgate, 34 Barb. 252; Quintard v. De Wolf, Id. 97; Mallory v. Gillett, 21 N. Y. 422. The judgment should therefore be reversed, with costs. All concur.