refused to do anything about the cesspools, and declared that he would not do another bit of work until he got his money.

It is impossible, upon the facts, to sustain the decision that there was a substantial compliance with the contract. It was, on the contrary, flagrantly violated. Nor can we uphold the judgment upon the claim of waiver. The testimony upon that head was introduced without objection. Consequently, the point that it was not pleaded will hardly avail. Conceding, however, that this testimony was properly considered, it entirely failed to establish a waiver. The claim of waiver rests mainly upon two payments which Mulligan made upon account. The first payment was a favor. The "pointing" was not then done, and, clearly, Cahill was not entitled to the contract price as upon complete performance. Mulligan gave him $200 upon the representation that one of his (Cahill's) men was in pressing need of money; Cahill stating that this workman had not a thing to eat in the house. As to the second payment, the testimony is overwhelming that it was made upon Cahill's representations that the work was all done, and upon his giving a bond that the walls would last. Mulligan never accepted the work, or promised to pay therefor, with knowledge of the facts. The burden was upon Cahill of showing performance or an actual waiver with full knowledge of the facts (Bank v. Mitchell, 73 N. Y. 414); and he failed to establish either.

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

---

THELBERG v. NATIONAL STARCH MANUF'G CO.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. STATUTE OF FRAUDS—PLEADING.

In an action for breach of contract of employment which defendant as successor to another corporation agreed to adopt, the objection that the agreement adopting it was within the statute of frauds is waived by failure to plead it.

2. CONTRACT OF HIRING—EVIDENCE.

In an action for breach of contract of employment, it appeared that defendant assumed the liabilities and absorbed the assets of a corporation which was under contract to employ plaintiff for five years, with the option to declare the contract void if it discontinued business; that this right to declare void was never exercised by it; and that defendant expressly agreed to be bound by the contract. Held, that defendant was liable.

Appeal from circuit court, New York county.

Action by Martin A. H. Thelberg against the National Starch Manufacturing Company for breach of contract of employment. From a judgment on a verdict for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

William J. Kelly, for appellant.

Theron L. Carman, for respondent.

INGRAHAM, J.  Before discussing the main question argued on this appeal, namely, that of the application of the statute of frauds, it will be well to notice the claim by the defendant that the plaintiff failed to prove any contract on the part of the defendant to employ him for a term of years ending April 1, 1894.  Though it appears from a provision of the contract that should the said company at any time, for any reason, discontinue its business, said company may at its option declare the agreement void, it is clear, as a matter of fact, that the Glen Cove Manufacturing Company did not exercise that option to declare the agreement void.

The complaint alleges that the Glen Cove Manufacturing Company was absorbed with the defendant.  We suppose that means that the two companies were in some way consolidated, and the business transacted by the Glen Cove Manufacturing Company continued by the defendant.  But it appears that, after such consolidation, the plaintiff continued to perform the same work for the defendant that he had performed for the Glen Cove Manufacturing Company.  He testified that he was told by the superintendent of the defendant that the contract held good with the new company the same as with the old company.  It was this statement that the jury believed, and under this statement it was competent for the jury to find that, when the defendant "absorbed" the Glen Cove Manufacturing Company, it absorbed its assets, and at the same time bound itself to carry out its contract to discharge its liabilities.  Under this contract with the Glen Cove Manufacturing Company, there was an obligation on behalf of the company to employ the plaintiff for a term of five years, unless that company discontinued its business, when the company could, at its option, declare the agreement void.  The Glen Cove Company's business and assets were transferred to this defendant.  The Glen Cove Company did not declare the option void, and the defendant expressly agreed with the plaintiff that the contract held good with the new company, which was simply assuming with the assets of the old company one of its liabilities.  The contract gave the Glen Cove Company the option to declare the agreement void, and, unless that option was exercised by the Glen Cove Company, the agreement remained in full force and effect; and it is not claimed that the Glen Cove Company ever exercised that option.  It is only necessary to prove in this action, to entitle the plaintiff to recover, that the defendant had assumed in some way the existing liability of the Glen Cove Company to carry out this contract with the plaintiff; and, if the evidence of the plaintiff is to be believed, such an agreement was made.  Assuming, however, that the agreement of the defendant to adopt the contract between the plaintiff and the Glen Cove Company was one that was required by the statute of frauds to be in writing,—although we do not decide that question,—we do not think that, under the authorities in this state, the question was presented properly to the court below.

The complaint expressly alleges the two contracts made by the Glen Cove Company, copies of which are annexed thereto.  It then alleges that the plaintiff was notified by the defendant of the consolidation of the two companies, "and that thereafter his employ-

ment would be by said defendant at the yearly salary of $2,500, and upon the same terms and conditions set forth in said contracts A and B,. which said salary the defendant agreed to pay, and employment it ratified." The answer denies this allegation. The statute of frauds, however, is not pleaded; nor is it alleged in the answer that, if this agreement was made by the defendant, it was invalid or illegal for any reason. The pleadings present the one issue as to whether or not the defendant did assume the obligation of the Glen Cove Company to employ this plaintiff, as provided in the agreement between that company and this plaintiff. That was the only question raised by the pleadings, and that was the question to be tried.

.When the plaintiff was examined as a witness, and asked to detail the conversation between himself and the superintendent of the defendant, that was objected to by the defendant. No ground was stated in the objection, and the point was not then taken that this testimony was invalid, under the statute of frauds, to prove a contract which was not to be performed within one year. The attention of the court was not directed to any objection to the evidence on the ground that it contravened the statute; and, as the statute had not been pleaded, it is clear that such an objection is unavailing on appeal. Plaintiff testified that the superintendent said "that my contract held good with the new company, the same as with the old company." To that there was no objection, the only objection having been the former one taken by the defendant, with no ground specified and no attention called to this statute as the ground of the objection, or that the testimony itself was incompetent to prove the agreement alleged in the complaint.

It is now settled in this state that the statute of frauds cannot be taken advantage of as a defense to an action upon a contract which is required by that statute to be in writing, unless notice is given of the intention to the opposing party by the pleadings.

In Crane v. Powell, 139 N. Y. 388, 34 N. E. 911, O'Brien, J., in delivering the opinion of the court, says:

"Where a contract is set out in the complaint as the cause of action, and the defendant intends to assail it on some special or statutory ground, the general spirit of the system is not complied with, unless notice is given of this intention to the opposing party by the pleadings."

Here there was an existing contract between the plaintiff and the Glen Cove Company. There was an express agreement between the plaintiff and the superintendent of the defendant that this contract should continue and be assumed by the defendant. That contract was sued upon. Evidence of it was admitted without raising the specific objection of the statute of frauds. The statute of frauds was not pleaded in the action. It followed that, the defendant having waived the statute, the case was properly submitted to the jury, and that, upon their verdict, the plaintiff was entitled to judgment. There does not seem to be any error made as to the admission or rejection of testimony, and we think the judgment was right, and should be affirmed, with costs. All concur.