ˑ(20 App. Div. 212.)

## LUPEÁN v. BRAINARD.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1897.)

1. STATUTE OF FRAUDS—PLEADING AND PROOF.
    The statute of frauds must be specifically pleaded, under the Code, in order to render it available as a defense.

·2. SAME—CONTRACT—PRESUMPTION AS TO CHARACTER.
    Where a complaint on contract fails to allege whether the contract is in writing, a writing is presumed so far as to require a defense of the statute to be pleaded.

·3. SAME—WAIVER OF ERROR—QUESTIONS NOT RAISED.
    The defense of the statute not having been pleaded, and evidence of an oral contract ·having been admitted without objection, such defense was waived, but a nonsuit was, nevertheless, granted at the close of the trial, because the contract was within the statute. Held, that the error was not waived by plaintiff's neglect, when opposing the nonsuit, to call attention to defendant's failure to plead the statute.

·4. SAME—AMENDMENT OF ANSWER—TIME OF APPLICATION.
    Where a motion to dismiss, made at the end of the trial, on the ground that the contract sued on is within the statute, is denied because defendant has failed to plead such defense, it is then too late for defendant to ask leave to amend by setting up the statute.

Áppeal from Chautauqua county court.

Action by Charles Lupean against Cephas L. Brainard for breach of contract.    From a judgment of nonsuit, and an order denying a new trial, plaintiff appeals.    Reversed.

The complaint in the action set forth that the parties entered into a contract by the terms of which the plaintiff was to work for the defendant for one year from the 21st day of March, 1894, on defendant's farm, in the town of Portland, Chautauqua county, for which services of the plaintiff the defendant agreed to pay him $250, in addition to furnishing him with a house and garden, firewood, and pasture for a cow; that the plaintiff had fully performed his part of the said agreement; that, after the plaintiff had worked eight months under this contract, the defendant discharged him from his employ, without just cause, for which plaintiff had suffered damage, and for which he demanded judgment. The defendant answered, denying each and every allegation in the plaintiff's complaint contained "which is not hereinafter admitted." The answer proceeded to state a payment to the plaintiff, and further alleged a contract to employ the plaintiff and his wife to work on the farm in Portland, at the rate of $250 per year, and that they continued to work for the defendant as long as the parties could agree:

the contract set forth in the answer being substantially the same as that alleged in the complaint, except that the compensation was to be at the rate of $250 per year, and not for that period. The answer further alleged a breach of the contract on the part of the plaintiff, and counterclaim for damages. The statute of frauds was not set up in the answer, or any allegation that the contract was within its provisions. There was no general denial in the answer, except as above stated. Upon the trial the plaintiff testified without objection that some time in the spring of 1894 he engaged with the defendant to work for him for a year for $250, and that the contract was made in a conversation had with the defendant. He proved the verbal contract by other witnesses, the same as alleged in the complaint. No objection was taken to the evidence, or that the contract was within the statute, until the close of the trial, when the defendant moved for a nonsuit, upon the ground that the contract as proved was void under the statute of frauds, inasmuch as it was not in writing, and was not to be performed within one year from the making thereof. The motion was granted.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Hooker & Dikeman, for appellant.
Franz C. Lewis, for respondent.

WARD, J. Some of the earlier cases seem to hold that, if the answer contained a general denial of the contract alleged in the complaint, the plaintiff must establish a valid contract, and, if he gave evidence showing a contract within the statute of frauds, the defendant was at liberty, under the general denial, to take that objection, although it had not been affirmatively pleaded in the answer. Upon this question there is some confusion, however, in the earlier cases, and it is unnecessary to review them. It was said by Bradley, J., in Smith v. Slosson, 89 Hun, 568, 35 N. Y. Supp. 548, that there had been a conflict in the earlier cases upon this subject, but the doctrine of the later cases is that it must be pleaded to render the statute of frauds available as a defense. And such is the decided trend of the later cases. Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256; Wells v. Monihan, 129 N. Y. 161, 29 N. E. 232; Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Bannatyne v. Mining Co., 77 Hun, 289, 28 N. Y. Supp. 334; Barrett v. Johnson, 77 Hun, 527, 28 N. Y. Supp. 892; Cheever v. Schall, 87 Hun, 32, 33 N. Y. Supp. 751; Schultz v. Cohen (Super. Buff.) 34 N. Y. Supp. 927; Smith v. Slosson, supra; Thelberg v. Manufacturing Co., 2 App. Div. 173, 37 N. Y. Supp. 738; Simis v. Wissel, 10 App. Div. 323, 41 N. Y. Supp. 1024. In Schultz v. Cohen, supra, there was a general denial in the answer. And in Crane v. Powell, supra, the answer, as in the case at bar, admitted certain allegations in the complaint, but denied all other allegations, which included the contract that it was claimed was within the statute of frauds. But there was no allegation in the answer alleging the statute of frauds. That was a case like the one at bar, where the contract was oral, and by its terms was not to be performed within one year, and the plaintiff was permitted to prove without objection a verbal agreement to the effect set forth in the complaint; and it was held that a motion to dismiss the complaint, on the ground that the agreement, not being in writing, was void under the statute of frauds, made at the close of the plaintiff's evidence, was properly denied. Judge O'Brien says, at page 388, 39 N. Y., and page 913, 34 N. E.:

"The present system of procedure is founded upon the idea that litigants should, when possible, know in advance the precise questions they must meet at the trial. When a contract is set out in the complaint as the cause of action, and the defendant intends to assail it on some special or statutory grounds, the general spirit of the system is not complied with unless notice is given of this intention to the opposing party by the pleadings. In the solution of this question the provisions of the Code should not be overlooked. The statute may be used as a defense to actions on certain agreements. A defense must now be presented, either by demurrer or answer. Code, § 487. When the defect in the plaintiff's cause of action appears on the face of the complaint, the defense must be interposed by demurrer. Section 488. When the complaint does not, as in this case, disclose an invalid agreement upon its face, but it is in fact invalid for some reason, the defendant must take the objection by answer. Section 498. And, if the objection is not taken in either way, the defendant is deemed to have waived it. Section 499. The conclusion is thus reached that the defendant waived the benefit of the statute in this case by omitting to plead it."

This case further held that the provision of the statute of frauds declaring contracts void which by their terms are not to be performed within one year, unless in writing, does not prohibit the making of an oral agreement. It simply creates a new defense, and introduces a new rule of evidence. It requires that the agreement shall be proved by a writing, and, as has been shown, such defense, to be available, must be alleged. Where the complaint states a contract, but does not aver whether it is in writing or not, for the purposes of the complaint it will be presumed that it was in writing. Marston v. Swett, 66 N. Y. 209. So that the objection in this case should have been taken by answer.

It is claimed in the brief of the respondent's counsel that the plaintiff did not raise the point upon the trial that the answer did not allege the statute of frauds as a defense, and, therefore, that the objection that it had not done so was waived. The record does not disclose how the fact was, whether plaintiff's counsel upon the trial, in opposition to the granting of the motion for a nonsuit, stated this objection. The pleading was before the court, and it was apparent from it that the defendant was not in a position to urge the ground upon which the nonsuit was granted. We do not think that the failure (if such failure existed) of the plaintiff's counsel to call the court's attention to this defect in the answer was a waiver of the fatal ruling made by the county court. That learned court, in an opinion given upon the motion for a new trial, said that, if the sufficiency of the answer had been raised upon the trial, the point might have been obviated by the action of the court or of the adverse party. The answer might have been amended, and the defendant have been permitted to set up the statute of frauds. As we have said, the record does not disclose whether the question as to the sufficiency of the answer was raised at the trial, but it does disclose that the evidence of the plaintiff's contract was received without objection; and several of the cases we have cited lay great stress upon the failure to make such objection as a ground of waiver of the defense. The statement in the opinion that the question was not raised at the trial cannot be regarded as a part of the record upon which we are to act; but, assuming that the opinion in this regard is correct as to the fact, it was not necessary for the plaintiff to do so, as his proof had been received regarding the contract without objection, and the pleadings were

before the court.   In Simis v. Wissel, supra, it was held in a case much like the one at bar in principle that it was too late upon the denial of a motion to dismiss the complaint, made at the end of the trial, to apply for leave to amend the answer, by setting up therein the defense of the statute of frauds; and it was also held that it was doubtful whether the court had power to grant such an amendment, as to have done so would have changed substantially the defense. We are clearly of the opinion that the plaintiff, upon the trial, did not waive his right to question here the soundness of the decision of the county court.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event.   All concur.