LUCHETTI et al. v. FROST et al.

Sac. No. 765; July 27, 1901.

65 Pac. 969.

**Vendor and Vendee—Offense of Selling Land Twice.**—A contract to sell land free of encumbrance, which the vendor has previously contracted to sell to another, is not in violation of Penal Code, section 533, providing a penalty for selling land which has been bargained to another with intent to defraud previous or subsequent purchasers, where the previous contract is recognized as an encumbrance which the vendor agrees to settle.

**Specific Performance—Tender.**—Defendant Contracted to Convey Land to plaintiff free of encumbrance on payment of the purchase price on or before a certain day. Plaintiff had the money, and offered to pay the price before the day named, and demanded a con-

veyance; but defendant had not removed the encumbrances, and on the day after the date named conveyed to another. Held, that an actual tender by plaintiff was not necessary to enable him to maintain an action for specific performance, since defendant was then unable to perform.[1]

Specific Performance.—Where There is Evidence Supporting a Finding of fact by the trial court, the finding should not be disturbed because there is also conflicting evidence.

APPEAL from Superior Court, San Joaquin County; Edward I. Jones, Judge.

Action by Luigi Luchetti and another against W. R. Frost and others. From a judgment for plaintiffs and from an order denying a new trial defendants appeal. Affirmed.

Ansel Smith, Gus R. Grant and A. H. Carpenter for appellants; Nicol, Orr & Nutter for respondents.

SMITH, C.—Appeal from a judgment for the plaintiffs and from an order denying the defendants' motion for a new trial. The suit was for the specific performance of a contract to the plaintiffs by the defendant Frost for the sale of land. The facts, as alleged in the complaint and found by the court, are as follows: By the terms of the contract, which was executed May 26, 1898, the defendant Frost agreed to sell and the plaintiffs to buy the land in question for the sum of $3,500, to be paid $5 at the time of the contract, which was paid accordingly, and the balance, $3,495, on or before June 2, 1898, Frost agreeing, on payment, to convey free of encumbrances. Time was made of the essence of the agreement. At the time of the contract the land was subject to two mortgages, the principals aggregating $3,170, and to a written option to purchase, given by Frost to one Rhodes, which was to expire June 13, 1898. On the 31st of May, 1898, the plaintiffs offered to pay the amount due upon receiving a deed conveying to them the property free of encumbrances, as provided in the contract; but it is found the

---

1 Cited and followed in English v. Mound House Plaster Co., 192 Fed. 719, where, the vendors having put it out of their power to perform the contract, it was held that a tender by the vendees would have been useless, and therefore the absence of allegation of tender in their complaint was no defect.

defendant then and there neglected and refused to execute such conveyance, and has ever since neglected and refused to do so. Afterward, on the second day of June, 1898, the contract was recorded by the plaintiffs. The following day (June 3, 1898) Frost made a conveyance of the land to the defendant Noble, the agent of the defendant Solari, to whom on the same day the land was conveyed, and by whom the land was mortgaged to the defendant Harvey, June 7, 1898, for the sum of $4,000. It is also found (though the fact may be regarded as immaterial) that on the third day of June (the day of the deed to Noble) Frost had recorded a written cancellation, or attempted cancellation, of the contract with plaintiffs. The judgment was for a conveyance of the land in question by Solari to the plaintiffs on the payment of the balance of the purchase money, $3,495, free of encumbrances suffered by him or the defendant Frost (the latter, presumably, having been paid), and for the cancellation of the mortgage to Harvey upon the payment thereon of the said sum.

Numerous points are urged for reversal, but they may be reduced, in effect, to the following, viz.: That the contract was in violation of section 533 of the Penal Code, that there was no tender of the purchase money by the plaintiffs, and that the findings of the plaintiffs' offer to perform and the defendants' refusal were not justified by the evidence. The first point hardly requires consideration. The agreement was for the sale of the land free of encumbrances, among which the option held by Rhodes was recognized as one. It was understood that this was to be settled by Frost, and on the sale to Noble it was in fact settled for $100. With regard to tender, none was necessary until Frost was in condition to convey as provided in the contract. The plaintiffs' offer, accompanied by the ability and will to perform, and the demand on the defendant Frost for performance on his part, was all that could be done by them at the existing stage of the transaction, and was sufficient. With regard to the sufficiency of the evidence to justify this finding, the most that can be said in favor of appellants' view is that it was conflicting. But even this can hardly be claimed. The plaintiffs and their witnesses all declare that the offer to perform was made at the interview of May 31, 1898, and that it was accompanied with no conditions, except that encumbrances should be re-

moved. Two of the witnesses for defendants testified that the plaintiffs required the performance of another agreement, relating to certain land that it was thought desirable to have; but the date to which this testimony relates is not fixed, nor can it be inferred that it related to the particular occasion spoken of by plaintiffs' witnesses. I advise that the judgment and order appealed from be affirmed.

We concur: Chipman, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.